UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>    Plaintiff,<br><br>    v.<br><br>PROTECTIVE SERVICES, et al.,<br>    Defendants. | No. 3:20-cv-1025 (SRU) |

## ORDER OF DISMISSAL

Alexander McArthur, proceeding *pro se*, brought this action against Saint Rafael Hospital Protective Services and the City of New Haven. In his complaint, McArthur brings claims for defamation, deceptive acts, and discrimination. *See* Doc. No. 1. For the following reasons, McArthur's complaint is **dismissed**.

**I.    Background**

McArthur filed his complaint in the instant action on July 21, 2020 against defendants the Protective Services at Saint Rafael Hospital and the City of New Haven. *See* Doc. No. 1 at 2. McArthur alleges that a white man in Protective Services at Saint Rafael Hospital called him a racial slur and addressed him as "brother" in a derogatory manner. *Id*. at 2-4.

On September 4, 2020, I issued an order granting McArthur's motion for leave to proceed *in forma pauperis*. Doc. No. 6. On January 19, 2022, McArthur filed a waiver of service with no address listed to serve. Doc. No. 10. The waiver of service was therefore returned unexecuted. *Id*. McArthur filed no waiver of service regarding the City of New Haven.

## II. Standard of Review

A district court may involuntarily dismiss an action under Rule 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also* D. Conn. L. Civ. R. 41(a); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (holding that the district court "has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute"). The Court may dismiss on a defendant's motion or *sua sponte*. *See Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

The Second Circuit has outlined several factors to be considered when determining whether to dismiss for failure to prosecute:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999). "[N]o one factor is dispositive," and "a district court is not required to discuss each of the factors on the record." *Martens*, 273 at 180 (citing *Shannon*, 186 F.3d at 194).

## III. Discussion

The first factor, the duration of the delay, favors dismissal. Federal Rule of Civil Procedure 4(m) provides that a defendant must be served "within 90 days after the complaint is

2

filed." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(c). Moreover, a plaintiff is only relieved of his duty to serve the summons if the defendant actually waives service. *Weaver v. State of New York*, 7 F. Supp. 2d 234, 236 (W.D.N.Y. 1998). It has been nearly three years since McArthur filed his complaint in this case. More than a year has passed since McArthur's waiver of service regarding Protective Services was returned unexecuted. *See* Doc. No. 10. Moreover, McArthur has never attempted to serve the City of New Haven.

The second factor, notice that noncompliance will result in dismissal, does not favor dismissal. I have not expressly warned McArthur that his failure to serve the defendants may lead to a dismissal of the instant case. Although the federal rules provide notice that failure to serve a defendant may result in dismissal, McArthur is a *pro se* plaintiff. *See* Fed. R. Civ. P. 4(m); *see Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (when a plaintiff proceeds *pro se*, the court should avoid the "harsh application of technical rules").

The third factor, whether the defendant is likely to be prejudiced by further delay, does not favor dismissal. In general, the Court may presume that delay prejudices the opposing party. *United States ex. rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). However, because the defendants have not yet been served, they presumably have not begun devoting resources to their defense. *See LeSane*, 239 F.3d at 210 (concluding that the third factor only slightly favored dismissal where there were "no indications that the delay increased the litigation costs defendants had to bear or reduced (perhaps due to decaying evidence) their likelihood of success on the merits").

The fourth factor, balancing the court's interest in managing its docket with the plaintiff's right to due process, strongly favors dismissal. McArthur has filed more than three dozen cases before this Court. *See, e.g.*, *McArthur v. Cargil*, Dkt. No. 3:20-cv-00967-SRU; *McArthur v. Fire Department*, Dkt. No. 3:20-cv-00974-SRU; *McArthur v. Yale New Haven Hospital et al*, 3:20-cv-00998-SRU; *McArthur v. Nur Market*, 3:20-cv-01000-SRU. Most of those cases have been dismissed—many on the basis that the claims set forth by McArthur were frivolous. *See, e.g.*, *McArthur v. G-Mart*, Dkt. No. 3:21-cv-1024 (SRU) (arising out of an incident in which McArthur scraped his arm on a nail on a business's door); *McArthur v. Wal-Mart*, Dkt. No. 3:20-cv-1004 (SRU) (asserting no factual allegations in support of five claims against the defendant); *McArthur v. New Haven Police Department*, Dkt. No. 3:22-cv-44 (SRU) (bringing claims under federal criminal statutes). Regarding the case at bar, McArthur has not participated in the matter in over a year. He therefore appears to have chosen not to exercise his rights. Accordingly, I conclude that balancing the interests in maintaining the Court's docket with McArthur's due process interests weighs in favor of dismissal.

The fifth factor, considerations of sanctions less drastic than dismissal, slightly favors dismissal. Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Given the amount of time that has passed without McArthur attempting to serve the City of New Haven and without McArthur correcting

4

his deficiencies in his service of Saint Raphael Hospital Protective Services, dismissal is an appropriate sanction.

Accordingly, Second Circuit's factors, on balance, favor dismissal of the instant action. However, because McArthur has not been expressly warned by the court that his failure to serve the defendants may result in dismissal, I will dismiss the case without prejudice.

## IV.    Conclusion

For the foregoing reasons, I conclude that McArthur has failed to prosecute this case by failing to serve the defendants. Accordingly, this matter is **dismissed without prejudice**.

If McArthur wishes to pursue this action, he may file a motion to reopen the case within **thirty (30) days**, setting forth good cause for failure to prosecute and a basis for reopening the case.

The Clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of May 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge